UNDER SEAL
FILED
CHARLOTTE, NC
JUL 16 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number 3:24-cr-64-FDW |
| v. | **UNDER SEAL** |
| (1) ENHUA FANG, | |
| (2) SHU JUN ZHEN, a/k/a "Yan Feng Chen," a/k/a "Chunyan Li," | 18 U.S.C. § 1956(h)<br>18 U.S.C. § 1956(a)(1)(B)(i)<br>18 U.S.C. § 1957(a)<br>18 U.S.C. § 2 |
| (3) JIANFEI LU, a/k/a "Xian Le Li," | |
| (4) MAOXUAN XIA, a/k/a "Xin Lin," a/k/a "Xiang Lin," a/k/a "Zhiyue Qin," | |
| (5) SHAO NENG LIN, and ▮▮▮▮▮ | |
| Defendants. | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(*Money Laundering Conspiracy*)

Beginning in at least May 2022, and continuing until on or about April 15, 2024, the exact dates being unknown to the Grand Jury, within the Western District of North Carolina and elsewhere, the defendants,

(1) ENHUA FANG,
(2) SHU JUN ZHEN,
a/k/a "Yan Feng Chen,"

a/k/a "Chunyan Li,"
(3) **JIANFEI LU**,
a/k/a "Xian Le Li,"
(4) **MAOXUAN XIA**,
a/k/a "Xin Lin,"
a/k/a "Xiang Lin,"
a/k/a "Zhiyue Qin,"
(5) **SHAO NENG LIN**, and

did knowingly, intentionally, and willfully conspire and agree with others, known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957 as follows:

    A.    To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    B.    To knowingly engage and attempt to engage in monetary transactions in criminally derived property that was of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957(a);

all in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), and 1957(a).

## COUNT TWO
(*Money Laundering*)

On or about July 27, 2022, within the Western District of North Carolina, the defendants,

**(1) ENHUA FANG,**
**(4) MAOXUAN XIA,**
a/k/a "Xin Lin,"
a/k/a "Xiang Lin,"
a/k/a "Zhiyue Qin," and
**(5) SHAO NENG LIN,**

did knowingly conduct financial transactions affecting interstate commerce, to wit: a $213,120 cash deposit and a $100,000 cash deposit made by (4) **XIA** using the name "Xin Lin," with said cash deposited into Bank of America account ending 8706, in the name of Kowloon Holding, Inc., an account owned and controlled by (5) **LIN**, with said deposits made at a Bank of America branch located at 9505 Pineville-Matthews Road, Pineville, North Carolina, which transactions involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE
(*Monetary Transaction Involving Criminally Derived Property*)

On or about July 27, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG,**
**(4) MAOXUAN XIA,**
a/k/a "Xin Lin,"
a/k/a "Xiang Lin,"

a/k/a "Zhiyue Qin," and
(5) **SHAO NENG LIN,**

knowingly engaged, attempted to engage, and caused each other to engage in monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, to wit, a $213,120 cash deposit and a $100,000 cash deposit made by (4) **XIA** using the name "Xin Lin," with said cash deposited into Bank of America account ending 8706, in the name of Kowloon Holding, Inc., an account owned and controlled by (5) **LIN**, with said deposits made at a Bank of America branch located at 9505 Pineville-Matthews Road, Pineville, North Carolina, which transactions involved the proceeds of a specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, all in violation of Title 18, United State Code, Sections 1957(a), and 2.

## COUNT FOUR
*(Attempted Monetary Transaction Involving Criminally Derived Property)*

On or about August 12, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG,** and
**(3) JIANFEI LU,**
a/k/a "Xian Le Li,"

attempted to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, to wit, a $108,000 cash deposit at a Bank of America branch located at 8551 North Tryon Street, Charlotte, North Carolina, which transaction involved the proceeds of a specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, all in violation of Title 18, United State Code, Sections 1957(a) and 2.

## COUNT FIVE
(*Money Laundering*)

On or about August 20, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG**, and
**(5) SHAO NENG LIN**,

and others known and unknown, knowingly conducted a financial transaction affecting interstate commerce, to wit, a $250,020 cash deposit into JPMorgan Chase bank account ending 2589, in the name of Kowloon Holding, Inc., an account owned and controlled by (5) **LIN**, with said deposits made at a JPMorgan Chase bank branch located at 8830 Lindholm Drive, Huntersville, North Carolina, which transaction involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX
(*Monetary Transaction Involving Criminally Derived Property*)

On or about August 20, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG,** and
**(5) SHAO NENG LIN,**

and others known and unknown, knowingly engaged, attempted to engage, and caused each other to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, to wit, a $250,020 cash deposit into JPMorgan Chase bank account

ending 2589, in the name of Kowloon Holding, Inc., an account owned and controlled by (5) **LIN**, with said cash deposit made at a JPMorgan Chase bank branch located at 8830 Lindholm Drive, Huntersville, North Carolina, which transaction involved the proceeds of a specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, all in violation of Title 18, United State Code, Sections 1957(a) and 2.

## COUNT SEVEN
*(Money Laundering)*

On or about November 9, 2023, within the Western District of North Carolina and elsewhere, the defendants,

**(2) SHU JUN ZHEN,**
a/k/a "Yan Feng Chen,"
a/k/a "Chunyan Li," and
**(3) JIANFEI LU,**
a/k/a "Xian Le Li,"

knowingly conducted a financial transaction affecting interstate commerce, to wit, a $100,000 cash deposit made by (2) **ZHEN** using the name "Chunyan Li", with said cash deposited into Bank of America account ending 3399, and made at a Bank of America branch located at 6425 Albemarle Road, Charlotte, North Carolina, which transaction involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT EIGHT
(*Monetary Transaction Involving Criminally Derived Property*)

On or about November 9, 2023, within the Western District of North Carolina and elsewhere, the defendants,

**(2) SHU JUN ZHEN,**
a/k/a "Yan Feng Chen,"
a/k/a "Chunyan Li," and
**(3) JIANFEI LU,**
a/k/a "Xian Le Li,"

knowingly engaged, attempted to engage, and caused each other to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, to wit, a $100,000 cash deposit into Bank of America account ending 3399, said cash deposit made at a Bank of America branch located at 6425 Albemarle Road, Charlotte, North Carolina, which transaction involved the proceeds of a specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, all in violation of Title 18, United State Code, Sections 1957(a) and 2.

## COUNT NINE
(*Money Laundering*)

On or about August 20, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG**, and

and others known and unknown, knowingly conducted a financial transaction affecting interstate commerce, to wit, a $139,980 cash deposit into JPMorgan Chase bank account ending 5851, with said deposits made at a JPMorgan Chase bank branch located at 8830 Lindholm Drive, Huntersville, North Carolina, which transaction involved the proceeds of specified unlawful activity, to wit, narcotics trafficking,

in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT TEN
*(Monetary Transaction Involving Criminally Derived Property)*

On or about August 20, 2022, within the Western District of North Carolina and elsewhere, the defendants,

**(1) ENHUA FANG,** and

and others known and unknown, knowingly engaged, attempted to engage, and caused each other to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, to wit, a $139,980 cash deposit into JPMorgan Chase bank account ending 5851, with said cash deposit made at a JPMorgan Chase bank branch located at 8830 Lindholm Drive, Huntersville, North Carolina, which transaction involved the proceeds of a specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, all in violation of Title 18, United State Code, Sections 1957(a) and 2.

### MONEY LAUNDERING FORFEITURE ALLEGATION

The United States hereby gives notice to the defendants that upon conviction of the Title 18 offenses alleged in Counts One through Ten of this Superseding Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property,

real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

//
//
//
//
//
//
//
//
//
//
//
//

A TRUE BILL.



FOREPERSON

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: /s/ Melanie L. Alsworth

Melanie L. Alsworth
Acting Assistant Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

Mingda Hang
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

DENA J. KING
United States Attorney
Western District of North Carolina

By: /s/ Alfredo De La Rosa

Alfredo De La Rosa
Assistant United States Attorney
Western District of North Carolina